UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK CHRISTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-00613 (UNA) |
| ) | |
| DEMOCRATIC PARTY *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). The Court grants the IFP application and dismisses the complaint.

Plaintiff sues the Democratic Party and the Republican Party. As the basis of federal court jurisdiction, Plaintiff writes: "Can defendants neglect to prevent hate crimes and a deprivation of civil rights, and can they give by order anyone else the authority to do so?" He adds: "Count I is Neglect to Prevent 42 U.S.C. § 1983, and Count II Neglect to Prevent 18 U.S.C. § 249." Compl., ECF No. 1 at 3. Under Statement of Claim, Plaintiff alleges: "The Defendants and celebrities particularly many donors and those who received 'executive orders' and are 'protected' extremely abuse their power/authority/influence when they obstruct justice, interfere with investigative and legal processes and conspire in a criminal manner." *Id*. at 4. Plaintiff's puzzling assertions continue for an additional ten pages. He seeks to hold certain politicians and celebrities "accountable for their wrongdoing" and requests "punitive damages in the amount of $3.5 billion for Count 1, and $3.5 billion for Count II." *Id*. at 7.

Plaintiff has not plausibly alleged the deprivation of rights by a state actor to state a claim under § 1983 nor pointed to language in 18 U.S.C. § 249, criminalizing "Hate crime acts," that

creates a private right of action. "The Supreme Court has 'rarely implied a private right of action under a criminal statute,' " *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979), and courts have consistently held that the Hate Crimes Act "does not provide a private right of action for a civil suit[.]" *Fan v. 18th Police Precinct*, 2025 WL 743866, at *4 (S.D.N.Y. Mar. 6, 2025); *see Black v. McCormick*, 2019 WL 4744947, at *3 (S.D.W.Va. Sept. 6, 2019) ("the Hate Crimes Act is a criminal statute that does not provide a private cause of action") (collecting cases)).

A complaint determined, as here, to lack "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), is appropriately dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). No "allegation of other facts" could plausibly cure the deficiencies of the complaint, *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam), and this is not Plaintiff's first rodeo. *See, e.g., Christian v. Biden*, 2021 WL 1933964 (D.D.C.), *aff'd*, 857 F. App'x. 661 (D.C. Cir. Aug 23, 2021) (dismissing frivolous complaint); *Christian v. Republican Party*, 2022 WL 1598030 (D.D.C.), *aff'd*, 2022 WL 2920978 (D.C. Cir. July 26, 2022) (finding post-judgment motions "as incoherent as the complaint itself"); *Christian v. Republican Party*, 2021 WL 5038398 (D.D.C. Oct. 19, 2021), *aff'd*, 2022 WL 412816 (D.C. Cir. Feb. 9, 2022) (discerning no viable claim from allegation "that elected officials have taken oaths of office and have violated their oaths by conspiring to deprive him of his constitutionally protected rights"); *Christian v. United States*, 2022 WL 2374589 (D.D.C.), *aff'd*, 2022 WL 4138241 (D.C. Cir. Sept. 13, 2022) (discerning no

"claim or claims plaintiff intends to bring"); *Christian v. Biden*, 2024 WL 1156505 (D.D.C. Mar. 18, 2024) (same); *Christian v. Democratic and Republican Parties*, 2025 WL 707575 (D.D.C. Feb. 25, 2025) (same). Therefore, this case will be dismissed with prejudice.

A separate Order accompanies this Memorandum Opinion.

Date: April 30, 2025

_____/s/_____
TANYA S. CHUTKAN
United States District Judge